## DEERE & CO. v. MCCONNELLS.

1. NEW TRIAL. Action on promissory note transferred after maturity: defense, failure of consideration by reason of the breach of a covenant of general warranty, in a deed conveying land for the purchase money of which the note was executed. On the trial it was shown, that at the time of the conveyance a judgment against the grantor was on file in the proper county, that the land conveyed was subsequently sold on execution by the Sheriff, but the Sheriff's deed which was offered in evidence did not show that the execution upon which the sale was made, was issued upon the same judgment, which was on file when defendant received his deed from the payee of the note. Judgment for plaintiff, and defendant, in support of a motion for a new trial, showed that within three days after the trial, the Sheriff of the same county executed a new deed to the purchaser at the Sheriff's sale, supplying the omission in the recitals of the deed which had been received in evidence. It was held, that the Court erred in refusing to grant a new trial, and that the order overruling the motion should be reversed.

*Appeal from Appanoose District Court.*

TUESDAY, DECEMBER 8.

DEFENDANTS appeal from an order overruling their application for a new trial. For the facts see the opinion.

*Casady & Polk* for the appellants.

*John Mitchell* for the appellee.

WRIGHT, J.—Plaintiffs sue upon a note made to one Miller, and transferred after maturity. Defense, failure of consideration, setting up that the note was given in consideration of certain lands in Appanoose county, sold and conveyed, by deed of general warranty, by Miller to defendants; that prior thereto, a judgment had been obtained by Wolcott & Co., against Miller, which was a valid lien upon said lands; that an execution was issued thereon, and the lands sold, whereby, &c. In determining the application for a new trial, the Court below, as shown by the bill of exceptions, found the following facts:

On the trial it was shown, that the judgment in favor of Wolcott & Co., against Miller, was obtained in Lee county, and a transcript thereof filed and properly docketed in Appanoose county, May 16, 1855. Miller conveyed to defendants July 19, 1858. October 1st, 1860, the Sheriff of Appanoose county, conveyed to Wolcott a portion of the same lands, contained in the deed from Miller, to defendants. This deed did not show, however, that the execution upon which the sale was made, was issued upon the same judgment as that from which the transcript was taken.

On hearing the petition for a new trial, the following facts were shown. Within three days after the trial, the Sheriff of Appanoose county, executed another deed to Wolcott, conveying said land, referring specifically and correctly to the judgment obtained in Lee, and the transcript thereof in Appanoose county, being the same as that filed and docketed in May, 1855, and based upon the same execution and sale as that referred to, in the first deed. The defendants had no knowledge of the second deed, until it was filed for record. It was also found, that A. Harris, Esq., was the attorney of defendants, at and before said

trial, "that he knew it was the duty of the proper officer to keep a record of said judgment; of the issuing of said execution; and of the Sheriff's action thereon;" that the last deed shows the same state of facts, as the first deed, which the execution and the Sheriff's return would have shown, had they been produced, and that by reasonable diligence such evidence could have been produced on the former trial. For this reason the new trial was refused.

We cannot resist the conclusion, that the Court below erred in overruling this application. The substantial ground of the defense is, that in consequence of the subsisting judgment, the execution thereon, and sale to Wolcott, the title to these lands, as warranted by Miller, has entirely failed. And that this is true, there remains, according to this record, no room for controversy. And this was as true at the time of the trial as when the motion was made. The subsequent deed did not make this any more a fact. It, by its references, but made that certain, which by the prior deed was perhaps left in doubt. But the judgment was just as valid and effectual as a lien; and the execution and return had the same existence before as after. Why then should the judgment be permitted to stand, when it is made conclusively manifest, (having reference now alone to the questions made and before us) that the defendants have a valid defense, well supported by the evidence? The answer is, because there was negligence on the part of defendants' counsel in not producing this proof.

We recognize the correctness of the proposition, that when the injustice complained of in such an application has been caused by the negligence or inattention of the party or his counsel a new trial should not be granted. But it is equally true, that if there are strong probable grounds to believe that the merits of the case have not been fairly and fully tried, and that injustice has been done, a court would be justified in granting a new trial (*Wheeler* v. *Shields*, 2 Scam.,

348.)  Of course this last proposition leaves out of the account any question of negligence or inattention.

In this case the ruling is placed alone upon the ground that the attorney was negligent in not producing certain proof. That the finding of the Court in the first instance, in view of the facts subsequently developed, works injustice to appellant is quite manifest. In what did this negligence consist then?

By the statute, the Sheriff's deed was presumptive evidence of the regularity of all previous proceedings, and is made evidence without preliminary proof. (Code, § 1948; Rev., § 3356.) The deed made in October, 1860, was thus received, but the Court held, for the purposes of this case, that it did not sufficiently identify the judgment and execution. As between Wolcott and Miller it was doubtless sufficient, but as defendants claimed that their title had been defeated by a Sheriff's sale, under a judgment constituting a lien prior to their purchase, it was held, that this did not sufficiently appear by the deed. We think, under the facts disclosed, that this construction even is of doubtful correctness. The judgment, with the transcript filed, was shown, and the deed. But while this deed did not profess to be based upon any other judgment, it failed to show clearly that it was based upon this. And because of this defect, the case was ruled against appellant. The fact all the while remains undenied and uncontradicted, that under this identical judgment, execution and sale, defendants' title had been divested. To omit the proof required by the ruling of the court, was certainly very slight negligence. It was at most but an oversight, or a misapprehension as to the true character and effect of the deed.

Now superadd to these considerations the fact that immediately after this finding, and before the determination of the motion for a new trial, a deed was made, based upon the same judgment, execution and sale, which incontestably

identifies the entire proceedings, and sustains fully the defendant's answer, and it seems to us that injustice was clearly done in overruling the application. The rights of parties never should be sacrificed by too strict an adherence to rules, which were made and should be observed to promote, and not thwart, the ends of justice. If the position assumed by appellants is not sustained by the actual facts, facts which were really existing, but not presented in such a manner as to meet the views of the Court, appellee will still be entitled to recover. If it is sustained, it seems to us to accord with justice, and not to violate any legal principle, that they should have the opportunity of showing it. The case of *Floyd and Underwood* v. *Hamilton*, 10 Iowa, 552, will be found in principle to sustain this conclusion. A new trial should have been allowed.

Reversed.